UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUANE T. KENNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00407 AGF |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Authorize Discovery (Doc. #29). Petitioner seeks to investigate whether either or both of two witnesses for the prosecution (Jeffrey Shockley and Robert Stewart) had an agreement with the State in exchange for their testimony against Petitioner, who was convicted of first degree murder, first degree assault, and two counts of related armed criminal action, and is serving a life sentence without the possibility of parole. The existence of any such agreement was not disclosed to Petitioner by the State in response to discovery requests, and on redirect examination at the trial of Petitioner's co-defendant, Christopher White, Shockley denied any such agreement. (Resp. Ex. A, p. 3). But new evidence suggests that agreements may have existed, especially with respect to Shockley.

Petitioner argues that if in fact such deals existed, he would be entitled to habeas relief under Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution.  Id. at 87.  "'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'"  Banks v. Dretke, 540 U.S. 668, 691 (2004) (quoting Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).  Prejudice is established where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense."  Strickler, 527 U.S. at 289.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing § 2254 Cases states:  "A party shall be entitled to invoke processes of discovery available under Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  In interpreting the "good cause" portions of this rule, the Supreme Court noted that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  Bracy, 520 U.S. at 908-09 (citation omitted).

Upon review of the record, the Court believes that Petitioner is entitled to discovery to ascertain whether Stewart or Shockley, who were the key witnesses against Petitioner, had negotiated favorable treatment for various state offenses in exchange for

2

their testimony against Petitioner.  The Court is unwilling to conclude at this stage of the case, without possible further development of the record and arguments by the parties, that if Brady was indeed violated, such a violation would not have been prejudicial to Petitioner.  The Court's ruling herein will not preclude the State from later setting forth all arguments against granting Petitioner habeas relief, if a Brady violation is established.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Authorize Discovery (Doc. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall have 60 days from the date of this Order to engage in reasonable discovery consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner shall notify the Court of receipt of the requested discovery material and shall have 20 days thereafter to file an amended petition for federal habeas relief.  Respondent shall have 20 days to file a response to any amendment filed by Petitioner.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2010.